UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IRMA MATOS, et al, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 25-10067-ADB |
| | * | |
| SAYER ALEMANY, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

*Pro se* plaintiff Irma Matos has filed a complaint concerning a pending case in the
Commonwealth's Eastern Housing Court, <u>Matos v. Winn Management</u>, 24H84CV000595.[1]  She
has also filed a motion for leave to proceed *in forma pauperis*.  For the reasons set forth below,
the Court will GRANT the motion for leave to proceed *in forma pauperis* and DISMISS this
action.

I.      **Motion for Leave to Proceed *in Forma Pauperis***

Upon review of Matos's motion for leave to proceed *in forma pauperis* [ECF No. 2], the
Court GRANTS the same.

---

[1] Matos states that she is also bringing this case on behalf of her minor children and other
persons who are or have been residents and guests of her home.  However, in a federal court, a
person who is not a licensed attorney can only represent herself.  <u>See</u> <u>Bunn v. Perdue</u>, 966 F.3d
1094, 1098 (10th Cir. 2020); <u>Lattanzio v. COMTA</u>, 481 F.3d 137, 139 (2d Cir. 2007); <u>Herrera-
Venegas v. Sanchez-Rivera</u>, 681 F.2d 41, 42 (1st Cir. 1982); <u>Deo-Agbasi v. Parthenon Group</u>,
229 F.R.D. 348, 353 (D. Mass. 2005); 28 U.S.C. § 1654; District of Massachusetts Local Rule
83.5.5(b).  Although it does not affect the disposal of this case, the Court will refer to Matos as
the sole plaintiff if this action.

## II.    Review of the Complaint

Because Matos is proceeding *in forma pauperis*, her complaint is subject to a preliminary screening.  Under federal law, the Court may dismiss the complaint of a plaintiff proceeding *in forma pauperis* if the claims in the pleading are malicious or frivolous, fail to state a claim upon which relief may be granted, or seek monetary damages against a party that is immune from such relief.  See 28 U.S.C. § 1915(e)(2).  Further, a court has an obligation to inquire *sua sponte* into its own jurisdiction.  See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  In conducting this review, the Court liberally construes Matos's pleading because she is proceeding *pro se*.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

### A.    Complaint

Matos represents that the state court action concerns the failure of those responsible for the property management of her home to remedy serious conditions at her residence, including that of black mold.  Matos commenced this action in the Suffolk Superior Court, but it was transferred to the Housing Court without her consent.  Matos alleges that her right to due process has been violated by the parties to and the state court judges presiding over the proceedings.

Matos states that her purpose in commencing the present federal action is to have this Court take jurisdiction over the pending state court proceeding.  She asserts that, "due to Lack of Due Process and Dereliction of Duty" in the state court, she had "no other choice" but to bring the action to this Court.  [ECF No. 1-2 at 29].  She asks that this Court "rescind [the case], which is now in Eastern Housing Court, so that it may be pursued without prejudice or infringement." Id.; see also [ECF No. 1 at 7] (asking "the John Moakley Courthouse to rescind this claim from Eastern Housing Court and take Jurisdiction").[2]

---

[2] Matos also believes that the Housing Court is the improper forum because*, inter alia*, it "does not have the Remedial Powers to handle" a claim in excess of 75,000.  Id.  However, the

### B.     Discussion

#### 1.     Removal Jurisdiction

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." Badgerow v. Walters, 596 U.S. 1, 7 (2022). Except under very limited circumstances not factually relevant here, a federal district court may assume jurisdiction over a pending state court action only when the defendant (not the plaintiff) seeks to remove the action to a federal forum. See 28 U.S.C. § 1441 (allowing a defendant in a state court case to remove an action to federal court). Thus, this Court cannot assume jurisdiction over Matos's pending state lawsuit. To the extent Matos seeks judicial review and relief from the orders and judgments of the state trial court, she must do so within the state court system.

#### 2.     Subject Matter Jurisdiction

Even if the Court were to treat Matos's pleading as initiating a new action (rather than attempting to remove her state court action to a federal court), Matos's claims, as currently pled, do not set forth a claim under federal law over which the Court could exercise jurisdiction.

Congress has granted federal district courts jurisdiction over two main kinds of cases: those arising under federal law, see 28 U.S.C. § 1331, and those where parties are "citizens" of

_____

Housing Court has "all powers of the superior court department," M.G.L. ch 185C, § 3, and there is not an upper limit of recovery in cases litigated in the Commonwealth's superior courts.

different states and more than $75,000 is at stake, see 28 U.S.C. § 1332.[3, 4]  "Typically, an action

arises under federal law if that law 'creates the cause of action asserted.'"  Badgerow, 596 U.S.

at 7-8.  Invoking the Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331,

Matos states that she brings this action under 18 U.S.C. § 242 and 42 U.S.C. § 1983 ("§ 1983").

[ECF No. 1 at 4].

As a threshold matter, Matos cannot state a claim under 18 U.S.C. § 242 under any set of

alleged facts.  This statute makes it a crime for a person acting under of color of law to willfully

deprive another person of their federal rights, but it does not provide a private right of action.  In

other words, the statute allows federal prosecutors to bring criminal charges against an

individual, but it does not permit a private citizen to bring an action against an individual who

violates this law.  See Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) ("Only the United States

as a prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").

Matos has also failed to state a claim under § 1983.  This statute provides that any

"person," acting under the color of state law, who "subjects, or causes to be subjected, any

citizen of the United States or other person within the jurisdiction thereof to the deprivation of

any [federal rights], shall be liable to the party injured."  42 U.S.C. § 1983.  The text of § 1983

"makes clear that [it] . . . protects against acts attributable to a State, not those of a private

person.  Lindke v. Freed, 601 U.S. 187, 194 (2024) "In the mine-run of cases, state action will

---

[3] For purposes of jurisdiction under § 1332, "a person is a citizen of the state in which he is
domiciled."  Padilla-Mangual v. Pavia Hosp., 516 F.3d 29, 31 (1st Cir. 2008).  Where a party
seeks to invoke jurisdiction under § 1332, the parties must be of complete diversity of
citizenship.  See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Complete diversity of
citizenship does not exist where any defendant and any plaintiff are citizens of the same state.
See id.

[4] When a federal district court has original subject matter jurisdiction over an action pursuant to
§ 1331 or § 1332, it may exercise supplemental jurisdiction over any other claims in the action
that are part of "the same case or controversy."  28 U.S.C. § 1367(a).

derive from the conduct of government actors, that is, government officials or employees," <u>Cruz-Arce v. Mgmt. Admin. Servs. Corp.</u>, 19 F.4th 538, 543–44 (1st Cir. 2021), and "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable [in a § 1983 action]," <u>Cepero-Rivera v. Fagundo</u>, 414 F.3d 124, 129 (1st Cir. 2005).

The two state court judges that Matos identifies as defendants were certainly acting under color of state law, and Matos alleges that they violated her right to due process. On their face, these allegations could provide the basis of a claim under § 1983. Judges, however, have absolute immunity "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly." <u>Pierson v. Ray</u>, 386 U.S. 547, 554 (1967). Further, injunctive relief against judges is available only where "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Neither circumstance exists under the alleged facts.

Matos names Kenzie Bok, the administrator of the Boston Housing Authority, as a defendant, but the complaint does not identify any specific conduct by Bok. Thus, there is nothing in the complaint suggesting that Bok deprived Matos of her federal rights.

Matos has also not stated a § 1983 against the remaining defendants, who are private parties rather than government officials or employees. Section 1983 imposes liability only on those who were acting under color of state law with regard to the allegedly wrongful conduct. Private parties may be subject to liability under § 1983 only when their conduct may be "fairly attributable to the State," <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922, 937 (1982). For example, a private party may be considered a state actor "if its conduct is coerced or significantly encouraged by the state," or "it and the state have entered into so symbiotic a relationship that they have become joint participants in the challenged conduct." <u>Cruz-Arce v. Mgmt. Admin.</u>

<u>Servs. Corp.</u>, 19 F.4th 538, 544 (1st Cir. 2021).  Matos does not make any allegations suggesting that the conduct of the insurers, attorneys, and property management can be reasonably attributable to the state.

**III.    Conclusion**

In accordance with the foregoing, the Court hereby orders:

1.    Matos's motion for leave to proceed *in forma pauperis* [ECF No. 2] is GRANTED.

2.    All other motions for leave to proceed *in forma pauperis* shall be terminated as moot.

3.    This action is DISMISSED.  The dismissal is with prejudice as to Matos's claim that this Court should assume jurisdiction of the state court action.  The dismissal is otherwise without prejudice.

IT IS SO ORDERED.


February 10, 2025                           /s/ Allison D. Burroughs
                                                    ALLISON D. BURROUGHS
                                                    U.S. DISTRICT JUDGE